UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR DE JESUS ROJAS MADRID,

Petitioner,

v.

Case No. 2:26-cv-2584-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, *et al.*,

Respondents.
_________________________________/

**ORDER**

Petitioner Cesar de Jesus Rojas Madrid was provided with a bond hearing under 8 U.S.C. § 1226(a) on July 22, 2026. (Doc. 7-7.)[1] He now argues that those proceedings were constitutionally inadequate, and asks the Court to release him or order a new hearing. (Doc. 5.) The Government opposes the petition. (Doc. 7.) Madrid filed a reply. (Doc. 8.)

Madrid argues that the immigration bond hearing he received was constitutionally deficient because he was given the burden of proof. (Doc. 1 at 5-6.) That is a claim this Court can address. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1953128, at *1 (M.D. Fla. July 7, 2026); *Rubio v. Hardin*, No. 2:26-CV-125-KCD-NPM, 2026 WL 1390984, at *1 (M.D. Fla. May 19, 2026).

The Court agrees that the Government must bear the burden of proof to pass constitutional muster. *See Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). "In sum, detainees' fundamental liberty interest is severely impacted by placing the burden of proof on them, while the government's interests are minimally affected by assigning the burden of proof to the government. Therefore, due process requires placing the burden of proof on the government." *Id.* at *8.

Madrid also argues that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Madrid's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Madrid "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Finally, the Court does not consider Madrid's Fourth Amendment claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested

him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Because Madrid's bond hearing was constitutionally insufficient on the current record, the amended habeas petition (Doc. 5) is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Madrid for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on October 22, 2026.

Kyle C. Dudek
United States District Judge